[No. 86078-5.   En Banc.]
Considered November 3, 2011.     Decided November 10, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL A.
HECHT, *Petitioner*.

*Wayne C. Fricke*, for petitioner.

*Robert M. McKenna, Attorney General,* and *John C. Hillman, Assistant,* for respondent.

¶1 PER CURIAM — Former Pierce County Superior Court Judge Michael Hecht was convicted of felony harassment and patronizing a prostitute. The trial court denied Hecht's motion for an order of indigency, and the Court of Appeals denied his motion for discretionary review of that order. Hecht now seeks discretionary review in this court. We grant review and remand to the trial court for further proceedings.

¶2 Hecht was convicted soon after he was elected to the Pierce County Superior Court bench. The trial court imposed judgment and sentence in November 2009. Retained counsel represented Hecht through trial and sentencing. He resigned from the bench after his conviction.

¶3 Hecht filed a timely notice of appeal and a motion for order of indigency in superior court. He reported owning real property but also claimed that a bank had denied him a line of credit on his equity. He also reported $88,000 in income after taxes in 2009 but asserted that he was no longer employed. And he reported that his wife earned $800 per month. He also claimed significant debts.

¶4 The superior court denied indigency status without entering findings. The Court of Appeals remanded for a hearing and entry of findings of fact and conclusions of law. On remand Hecht asserted among other things that he spent his 2009 income on his trial, that his wife's income had not changed, that he could not work because he was in declining health and in need of surgery, that his creditworthiness had been downgraded, and that defense counsel had forgiven $15,000 owed and would not represent him pro

bono on appeal. Defense counsel submitted an affidavit and correspondence estimating transcription and attorney fees for appeal between $17,500 and $27,500.

¶5 The superior court again denied indigency status, finding that Hecht had "adequate means" to pay for all of his expenses on appeal. RAP 15.2(b)(2). The Court of Appeals denied discretionary review. On discretionary review in this court, Hecht moved to supplement the record with evidence that he had begun receiving food stamps. The court granted the motion and remanded the matter to the superior court to reconsider Hecht's indigency motion in light of his receipt of public assistance.

¶6 The superior court again denied Hecht's motion for an order of indigency, concluding that even with the receipt of food stamp benefits he had "adequate means" to pay the expenses of appeal. The Court of Appeals again denied discretionary review. Hecht again moved for this court's discretionary review.

¶7 A party seeking appellate review *"partially or wholly* at public expense" must move in the superior court for an order of indigency. RAP 15.2(a) (emphasis added). The superior court will grant the motion for an order of indigency if it determines that the moving party is "unable by reason of poverty to pay for *all or some* of the expenses for appellate review." RAP 15.2(b)(1) (emphasis added). If the party is unable to pay any expenses of review or can pay only a portion of those expenses, the superior court is to designate those items to be paid with public funds and, if applicable, "the items of expense to be paid by a party or the amount which the party must contribute toward the expense of review." RAP 15.2(e). But the court must deny indigency status altogether if the moving party "has adequate means to pay *all the expenses of review*." RAP 15.2(b)(2) (emphasis added).

¶8 By statute an indigent person includes anyone who "at any stage of a court proceeding" receives certain types of public assistance, including "food stamps or food stamp

benefits transferred electronically." RCW 10.101.010(1)(a). Other criteria qualify a person for indigency status, but all of the criteria are listed disjunctively. *See* RCW 10.101.010(1)(a)-(d). The use of the disjunctive "or" indicates that a person is indigent if he is able to satisfy any one of the statutory criteria. *See In re Marriage of Caven*, 136 Wn.2d 800, 807, 966 P.2d 1247 (1998).

¶9 Hecht is therefore presumptively indigent because he receives public assistance in the form of food stamp benefits. RCW 10.101.010(1)(a). To the extent he may have access to funds to pay a "portion" of the "anticipated cost of counsel" (an issue we need not decide), Hecht is potentially "indigent and able to contribute" to his representation. RCW 10.101.010(2). But in that case he is still entitled to indigency status, even if only to obtain public assistance for part of his appellate expenses.

¶10 We recognize that RAP 15.2 and chapter 10.101 RCW do not refer to one another. The court rule was originally adopted in 1976, while the statute was enacted in 1989. RCW 10.101.005; Laws of 1989, ch. 409, § 1. But the rule and the statute can be harmonized. *See In re Det. of C.M.*, 148 Wn. App. 111, 116-17, 197 P.3d 1233, *review denied*, 166 Wn.2d 1012 (2009). A superior court determining the indigency of a person under RAP 15.2(b) must determine whether the person meets the statutory definition of " '[i]ndigent' " or " '[i]ndigent and able to contribute' " under RCW 10.101.010(1) and (2). If the person meets either of those definitions, the court must grant indigency status. RAP 15.2(b)(1). And if the person is "indigent and able to contribute," the court must designate those expenses to be borne by the defendant. RAP 15.2(e).[1] In light of

---

[1] We note that the statute authorizes the superior court to require a person who is indigent and able to contribute to execute a promissory note for the cost of counsel. RCW 10.101.020(5). We need not determine at this time whether that specific provision applies here or conflicts with RAP 15.2, leaving that issue for the superior court to consider on remand.

Hecht's receipt of public assistance, the trial court erred in denying his motion for indigency status altogether.[2]

¶11 We grant Hecht's motion for discretionary review and remand to the superior court to reconsider his motion for order of indigency in light of this opinion.

---

[2] We do not determine whether Hecht currently meets other potentially applicable definitions of indigency. *See* RCW 10.101.010(1)(c), (d). The superior court may consider that question on remand if Hecht raises the issue.